JUDGE ROBERTSON
delivered the opinion op the court.
In the year 1844 S. S. Nicholas conveyed several lots in the city of Louisville to William Prather on the following trusts: first, to hold for the sole use of Catharine C. Humphrey, wife of Edward P. Humphrey, during her life, with power of appointment or disposition by deed, *554 either with or without the consent of her husband; second, in the event of her dying without such disposition, the trustee should hold for indemnity to said Edward, as surety for a certain debt of five thousand dollars, and also to sell enough to pay several named persons specified sums; third, to hold any unsold remainder to the use of said Edward during his life, and after his death to be conveyed to the heirs of said Catharine.
In the year 1847 the trustee, for the avowed purpose of fulfilling the said trusts, and for the recited consideration of two thousand six hundred and twenty dollars paid by Helen Terry, sold and conveyed one of those lots to her for her separate use, and the use of her children then living and to be afterward born; and in that conveyance the' said E. P. Humphrey, and W. and J. S. Prather, and Way and wife, who, with several others, were beneficiaries in the ulterior trusts, joined as co-parties; but Humphrey did not convey his contingent remainder for life.
To sell this lot, and re-invest the proceeds on the same trusts, this suit in equity was brought and prosecuted according to statutory authority, and a sale made to the appellant, who, apprehensive of insecure title, refused to execute bonds for the consideration bid by him; and, in response to a rule made on him by the chancellor not admitting title, he specified only two objections to it: first, that the trust estate was not vendible for re-investment; second, that the sale is not valid according to the statutory prescriptions. But the chancellor, considering the response insufficient, required him to execute his bonds, and from that decretal order he appealed.
The entire proceeding was substantially conformable with all the statutory prescriptions on the subject, and therefore the last objection fails; nor is the first specific objection available. Such a trust estate may be sold by *555 tbe chancellor for re-investment on the same trusts, binding on the living and the unborn, and we see no objection to the decree for that purpose in this case. Consequently, had the title been free from question on another ground not specified in the appellant’s response, we should not hesitate to affirm the mandatory order complained of; but without more than the record exhibits a perfect title can not be assured.
The record neither shows that Catharine C. Humphrey was dead, nor that she executed her power .of appointment, cutting off all the contingent trusts; and not only does E. P. Humphrey’s conveyance not direct her contingent remainder, but there is no evidence that some other contingent beneficiaries are either concluded or in any way satisfied. Nor, though one object of the sale to Mrs. Terry may have been to provide for all the ulterior trusts, does the record show that this was done; nor can this court judicially assume what the record does not intimate.
Then, the parties having come here for an assurance of title, we can not on the record now before us adjudge it such as the appellant should be required to accept. But while therefore we must reverse the order appealed from, we will leave the case open for further and prompt proceeding for supplying the apparent defect which we have suggested.
. All that the appellant professes to want is an assured title; and had he alluded to the chasm we have exposed in the record perhaps it might at once have been satisfactorily filled up, neither party having probably any notice or apprehension of any such possible question as to the title. If therefore the title can be perfected without such delay as would result in essential damage to the appellant, it would be equitable on the return *556 of tbe cause to allow reasonable time for supplying tbe apparent defect in tbe title.
Judgment reversed, and cause remanded for further proceedings as indicated in tbis opinion.